UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAXON OLEGARIO MARTINEZ ORTIZ, | Case No.  2:26-cv-01159-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| U.S IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Jaxon Olegario Martinez Ortiz, a citizen of Guatemala, entered the United States without inspection in 2021. Dkt. 10 ¶¶ 3–5; Dkt. 11-2 at 3. In 2024, Petitioner was arrested in Idaho Falls, Idaho, and pled guilty to state charges of frequenting a place where controlled substances were used. Dkt. 10 ¶ 6; Dkt. 11-2 at 4. He was given a 90-day suspended sentence and six months of unsupervised probation. *Id*. Other than this conviction, Petitioner has no criminal history.

On March 11, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner during an operation at Idaho Falls. Dkt. 10 ¶ 7.  ICE initiated removal proceedings and on March 21, 2026, transferred Petitioner to the Northwest ICE Processing Center ("NWIPC") in Tacoma,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Washington. *Id*. ¶¶ 8–9. Petitioner has not yet had a bond hearing before an immigration judge ("IJ").

On April 10, 2026, Petitioner's brother filed this petition for writ of habeas corpus on Petitioner's behalf. Dkt. 4. On April 13, Petitioner submitted his own signature page to accompany the petition. Dkts. 6, 7. On April 24, the Federal Respondents filed a return to the habeas petition, arguing that the petition was improperly filed by Petitioner's brother as "next friend" without legal justification. Dkt. 9 at 1. Respondents also argued that even if considered, the Petition fails because Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). *Id*.

On May 4, Petitioner filed his traverse five days after it was due. Dkt. 12. Petitioner states that this delay was unavoidable due to his being in custody and Respondents have not objected to the late filing. *Id*. at 10. Consequently, the Court will consider the traverse and the habeas petition is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court

issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, this matter falls squarely within its parameters. Without specifically referring to the three prongs of *Rodriguez Vazquez*, Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b) and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. It is undisputed that at some point in 2021, Petitioner entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. *See* Dkt. 10 ¶ 5; Dkt. 11-2 at 3-4; Dkt. 12 at 7. The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the INA does not require mandatory detention of noncitizens who meet the three prongs set forth in the definition of class membership. *See* 802 F. Supp. 3d at 1336.

While Petitioner frames his argument as a Due Process violation—arguing that "the Government's failure to provide a hearing . . . is a direct violation of the Fifth Amendment," *see* Dkt. 12 at 6—under the doctrine of constitutional avoidance, the Court need not consider whether Petitioner's detention violates Due Process. The construction of the INA adopted in *Rodriguez Vazquez* alone entitles Petitioner to a bond hearing. *See Green v. Miss United States of*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

*America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (although not required, under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question").

Federal Respondents repeat the argument that the Court rejected in *Rodriguez Vazquez* – that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). Dkt. 9 at 9–10. They also argue that the habeas petition should be denied because Petitioner's brother does not meet the criteria required to file on his behalf as "next friend." *Id*. at 7–9. Both arguments are unavailing.

First, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a), not § 1225(b). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Second, Petitioner's traverse, filed without assistance from his brother, obviates the "next friend" argument as it ratifies the original petition. Dkt. 12 at 11; *see id.* at 1 (signature page). In addition, Petitioner points out that on April 13, he had previously resolved this issue by filing a praecipe with his own signature. Dkt. 6 at 1. Finally, Petitioner's reply corrects the caption to name the Warden of NWIPC as the correct Respondent and ensure the Court has jurisdiction over the petition. *See Doe v. Garland*, 109 F.4th 1188, 1190 (9th Cir. 2024). The Court construes this liberally as a motion to add the Warden as a party and grants it under Federal Rule of Civil Procedure 21.

Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the Court GRANTS the habeas petition.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 4) is GRANTED.

2. Within fourteen days of receiving Petitioner Jaxon Olegario Martinez Ortiz's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Petitioner.

Dated this 12th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5