UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAXON OLEGARIO MARTINEZ ORTIZ, Petitioner, v. U.S IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) et al., Respondents. | Case No. 2:26-cv-01159-TMC ORDER GRANTING MOTION TO ENFORCE JUDGMENT |

## I.    ORDER

On May 12, 2026, the Court granted Petitioner Jaxon Olegario Martinez Ortiz's petition for a writ of habeas corpus. Dkt. 13 at 5. The Order directed Respondents to either release Petitioner or provide him a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of receiving Petitioner's request for a bond hearing. *Id*. On May 21, Petitioner requested a bond hearing. Dkt. 15 at 4. On June 1, Petitioner had a bond hearing before an Immigration Judge ("IJ"), where the IJ denied bond solely on the basis that she lacked jurisdiction because Petitioner's detention was mandatory under 8 U.S.C. § 1225(b)(2). Dkt. 19-4 at 2. This basis for denying bond was directly contrary to the Court's May 12 Order, which concluded that the IJ had jurisdiction to consider bond because Petitioner qualified as a member of the class certified

**ORDER GRANTING MOTION TO ENFORCE JUDGMENT** - 1

in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025) and was subject to discretionary detention under 8 U.S.C. § 1226(a). Dkt. 13 at 4. The Court ordered expressly that Petitioner had "shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief." *Id.*

On June 8, Petitioner filed a motion to enforce the judgment, objecting to the June 1 bond hearing as not being "a meaningful process" and requesting release. Dkt. 15 at 2. On June 15, Respondents filed a response to the motion, conceding that the IJ had again denied bond based solely on a claimed lack of jurisdiction, but arguing that the appropriate remedy for this violation of the habeas writ would be yet another bond hearing. Dkt. 17 at 1–2; Dkt. 18 ¶ 7.

Having considered the motion and response, the Court GRANTS Petitioner's motion to enforce the judgment (Dkt. 15). The Court's Order granting the petition for writ of habeas corpus was clear: It directed Respondents to either release Petitioner or "*provide him a bond hearing under 8 U.S.C. § 1226(a)*." Dkt. 13 at 5 (emphasis added). "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

Respondents failed to comply with the conditional writ. Instead, the IJ denied bond again on the same basis rejected by this Court in *Rodriguez Vazquez.* Petitioner has continued to be subject to unlawful detention beyond Respondents' time for compliance. The necessary remedy

ORDER GRANTING MOTION TO ENFORCE JUDGMENT - 2

is release. *Rose*, 961 F.3d at 1246 ("If the state fails to comply with the district court's order, release will occur." (citation modified)). Therefore, the Court ORDERS as follows:

1. Respondents shall RELEASE Petitioner Jaxon Olegario Martinez Ortiz within 24 HOURS of entry of this order.

2. Upon his release, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

3. Respondents shall file a status report no later than June 17, 2026 confirming Petitioner's release.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Petitioner at his last known address.

Dated this 15th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

**ORDER GRANTING MOTION TO ENFORCE JUDGMENT** - 3